UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                Chapter 7
Thomas R. Rowell and
Natasha Rowell,                                              Case No. 14-25460-svk
                    Debtors.

**MEMORANDUM DECISION**

The issue, one of first impression, is what happens when a veteran's 540-day exclusion from the means test expires during a Chapter 7 bankruptcy case. The U.S. Trustee claims that the expiration of the 540-day period revives the obligation to complete the means test form. The Debtors contend that as long as they filed bankruptcy before the 540-day exclusion period ended, they are exempt from means testing.

The facts are not disputed. Thomas and Natasha Rowell (the "Debtors") filed this Chapter 7 case on April 30, 2014. Their debts are primarily consumer debts. Thomas Rowell is a psychiatrist and a reservist in the United States Army; Natasha Rowell is a high school principal. Thomas Rowell was called to active duty on July 31, 2012, and released from active duty on November 24, 2012. The 540-day period following his release from active duty expired on May 18, 2014, about two weeks after the Debtors filed their petition.

The U.S. Trustee maintains that 11 U.S.C. § 707(b)(2)(D)(ii) and Interim Bankruptcy Rule 1007-I(n) require the Debtors to complete and file a means test form after the expiration of the exclusion period. The Debtors disagree, contending that the Interim Rule conflicts with the Bankruptcy Code, and that the statute controls. According to the Debtors, § 707(b)(2)(D)(ii) establishes a "safe harbor" so that when a debtor who is exempt from means testing files a

Chapter 7 petition, the court cannot dismiss the debtor's case under any form of means testing, even if the 540-day period ends during the case.

The Court asked the parties to file briefs solely on the issue of the effect of the expiration of the 540-day period. If the Court accepts the Debtors' position, the Court will hold a hearing to consider the U.S. Trustee's alternate claim that the Debtors' case should be dismissed under 11 U.S.C. § 707(b)(3) as abusive under the totality of the circumstances. If the Court rules for the U.S. Trustee, then the onus will be on the Debtors to rebut the presumption of abuse by demonstrating special circumstances under § 707(b)(2)(B).

The background necessary to analyze this issue begins in 2005 when Congress rewrote § 707(b) of the Bankruptcy Code as part of the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Previously, § 707(b) required a showing of "substantial abuse" to justify dismissal of a Chapter 7 case, and a presumption existed in favor of the debtor. BAPCPA repealed the "substantial" qualifier of "abuse" and changed the presumption favoring the debtor by adding a "means test" under which a Chapter 7 case can be found presumptively abusive. The debtor completes Form B22A to show the means test calculations.

Under the means test, if the debtor's disposable income for the six months prior to the petition exceeds the statutory threshold, then the case is presumptively abusive and may be dismissed unless the debtor can show "special circumstances." 11 U.S.C. § 707(b)(2)(A) - (B). BAPCPA also added § 707(b)(3), which authorizes the dismissal of a debtor's case as abusive even when the means test does not create a presumption or the presumption is rebutted, giving the bankruptcy court the discretion to dismiss a case as abusive if there is "bad faith" or the "totality of the circumstances . . . demonstrates abuse." *McDow v. Dudley*, 662 F.3d 284, 288 (4th Cir. 2011).

2

Case 14-25460-svk    Doc 38    Filed 01/08/15    Page 2 of 9

Recognizing that BAPCPA made it more difficult for individuals to qualify for Chapter 7 bankruptcy relief and to reward the National Guard members and Reservists for their service, Congress enacted the National Guard and Reservists Debt Relief Act of 2008, Pub. L. No. 110-438, 122 Stat. 5000 (the "Act"). The Act became effective December 19, 2008, and was scheduled to expire in 2011. In supporting a Bill to extend it, Congressman Steve Cohen explained the basic premise behind the Act: "The National Guard and Reservist Debt Relief Act of 2008 created an exception to the means test's presumption for members of the National Guard and Reserves who, after September 11, 2001, served on active duty or in a homeland defense activity for at least 90 days. The exception remains available for 540 days after the servicemember leaves the military." 157 Cong. Rec. H7906 (daily ed. Nov. 29, 2011) (statement of Rep. Steve Cohen). The Act was extended and now is due to sunset on December 19, 2015. *See* § 4(b), 122 Stat. 5000, as amended by the National Guard and Reservists Debt Relief Act of 2011, Pub. L. No. 112-64, 125 Stat. 766.

The Act was codified as Bankruptcy Code § 707(b)(2)(D)(ii) and in pertinent part provides:

> Subparagraphs (A) through (C) shall not apply, and the court may not dismiss or convert a case based on any form of means testing, if –
>
> (ii) with respect to the debtor, while the debtor is –
>
> > (I) on, and during the 540-day period beginning immediately after the debtor is released from, a period of active duty . . . of not less than 90 days.

The issue here is whether the court may dismiss a debtor's case if the 540-day period expires during the Chapter 7 case. The Debtors construe the language "the court may not dismiss a case based on any form of means testing . . . during the 540-day period . . . after the debtor is released from . . . active duty" to mean that as long as the petition is filed during the

3

540-day period, the court may not dismiss the case. The U.S. Trustee argues that the exemption is temporary -- if it expires during the case, the Debtors must file Form B22A and subject their finances to the scrutiny of the means test.

To resolve a dispute over the meaning of a statute, the court begins with the language of the statute itself. *United States v. Ron Pair Enters.*, Inc., 489 U.S. 235, 241 (1989). The Supreme Court has instructed that, "when the statute's language is plain, the sole function of the court--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." *Lamie v. United States Tr.*, 540 U.S. 526, 533 (2004); *Ron Pair*, 489 U.S. at 241. This proposition derives from the understanding "that Congress 'says in a statute what it means and means in a statute what it says there.'" *Hartford Underwriters Ins. Co. v. Union Planters Bank*, 530 U.S. 1, 6 (2000). Here, the statute says that the means test shall not apply to a debtor who is on active duty and during the 540-day period immediately after the debtor is released from active duty.

The U.S. Trustee's reading of the statute is bolstered by an Interim Bankruptcy Rule. The Committee Comment to Interim Rule 1007-I states: "The new exclusion from means testing applies in a given case only for the period provided in the statute (i.e., while the debtor is on active duty and for 540 days thereafter). Accordingly, the amended form and Interim Rule provide for a delayed means test form filing requirement in appropriate cases, as well as for notice of that requirement." The rule is "interim" because of the sunset provision in the Act; however, most bankruptcy courts adopted the rule as a local rule or standing order, and Form B22A also was revised to reflect the rule. In this District, Interim Rule 1007-I was adopted in General Order #3 issued on December 19, 2008. *See*

4

Case 14-25460-svk    Doc 38    Filed 01/08/15    Page 4 of 9

http://www.wieb.uscourts.gov/index.php/orders- rules/rules/general-orders (last visited Jan. 7, 2015). Interim Rule 1007-I(n)(1) provides:

> An individual debtor who is temporarily excluded from means testing pursuant to § 707(b)(2)(D)(ii) of the Code shall file any statement and calculations required by subdivision (b)(4) no later than 14 days after the expiration of the temporary exclusion if the expiration occurs within the time specified by Rule 1017(e) for filing a motion pursuant to § 707(b)(2).

Rule 1017(e) states that, except as provided in § 704(b)(2), a motion to dismiss for abuse must be filed within 60 days of the first date set for the meeting of creditors. Section 704(b)(2) shortens this deadline for the U.S. Trustee in cases where the motion is based on the presumption of abuse. Under § 704(b)(1), within ten days of the meeting of creditors, the U.S. Trustee must file a statement of whether the debtor's case is presumed an abuse. Then under § 704(b)(2), the U.S. Trustee has 30 days from the filing of the statement to file the motion to dismiss. In this case, the meeting of creditors was held on June 26, 2014. Ten days later was Sunday, July 6, 2014, making the U.S. Trustee's statement due on July 7, 2014. Thirty days from that date, and the deadline for the U.S. Trustee to file a motion to dismiss, was August 6, 2014. Using the longer 60-day deadline of Rule 1017 would extend the deadline for the U.S. Trustee to file a motion to dismiss in the Debtors' case to August 27, 2014.

In effect, Rule 1007-I(n) and the U.S. Trustee's position deprive the Debtors of between 98 and 120 days of the 540-day means test exemption: that is the difference between the date of the Debtors' petition and the potential last day for filing a motion to dismiss. To qualify for the exemption, the Debtors would have had to file bankruptcy at least 98 days, and possibly up to 120 days, before their 540-day exemption period expired. And, since the motion to dismiss deadline is tied to the date of the meeting of creditors -- a date that varies from case to case -- there is no way for a debtor to know for certain whether the 540-day exemption period will

5

expire prior to the deadline for the U.S. Trustee to file a motion.  Under Bankruptcy Rule 2003(a), the meeting of creditors in a Chapter 7 case must be held no fewer than 21 and no more than 40 days after the order for relief.  However, if the place of the meeting is in a location not regularly staffed by the U.S. Trustee, the meeting may be held no more than 60 days after the order for relief.  The Debtors' meeting of creditors was held in Green Bay at a location not regularly staffed by the U.S. Trustee.  Their meeting occurred on June 26, 2014, 57 days after the petition.  But a debtor who filed a Chapter 7 petition the same day, with a meeting of creditors at the U.S. Trustee-staffed location in Milwaukee, could have had his meeting of creditors as early as May 21, 2014.  The U.S. Trustee's deadline to file a motion to dismiss (and cut off the debtor's right to claim the exemption) would be June 30, 2014, over 30 days before the Debtors' exemption expired.

    Stated another way, if Thomas Rowell and another reservist were released from active duty on the very same day and decided to file Chapter 7 bankruptcy, it would be extremely unlikely that their exemptions under the Act would be applied the same way, because of the variations in when their meetings of creditors could be scheduled.  The same release date and the same 540-day period could result in one reservist obtaining the benefit of the exemption while the other did not, based on the timing of the meeting of creditors.  Since the meeting of creditors is set only after the case is filed, if a debtor visited a bankruptcy attorney with less than 420 days left on his or her exemption period, there would be no way the attorney could safely predict whether the remainder of the period would expire before the deadline for the U.S. Trustee to file a motion to dismiss.  In this way, the Interim Rule and the U.S. Trustee's reading of § 707(b)(2)(D)(ii) contradict the Act's specific grant of a 540-day exemption period.

6

The Debtors' interpretation is supported by the Government Accounting Office (the "GAO"). In § 3 of the Act, Congress mandated that the GAO provide information on the use and effects of the provisions of the Act and asked the GAO to determine whether there were any indications of abuse or potential misuse of the exemption. In its report, the GAO summarized, "The [Act] exempts qualifying members of the National Guard and Reserve Components from the means test process when they file a petition for Chapter 7 bankruptcy relief." U.S. Gen. Accounting Office, GAO-10-1014R, *Military Personnel: Observations on the Use and Effects of the National Guard and Reservists Debt Relief Act of 2008* 8 (2010). In explaining the 540-day exclusion, the GAO stated: "Servicemembers who have completed the minimum 90-day period of service and are no longer serving have a little less than 1.5 years (540 days) after they have completed the minimum 90-day period of service to claim the means test exemption. Servicemembers who completed their service periods dating as far back as June 28, 2007, may be eligible for the exemption if they filed for bankruptcy relief on December 19, 2008." *Id*. at 10. December 19, 2008 is 540 days from June 28, 2007, showing that the GAO considered the petition date as the last day on which the 540-day period could expire. Obviously, if the U.S. Trustee's interpretation is correct, the debtor who filed on December 19, 2008, would immediately lose the protection of the exemption on December 20, 2008. *See also id*. at 11 ("Servicemembers have up to 540 days after completing the minimum 90-day period of active duty service or homeland defense activity to claim the means test exemption.").

The GAO's and the Debtors' reading of this statute is correct. The Debtors are exempt from the means test because they filed their petition within 540 days of Thomas Rowell's release from active duty. As shown above, the U.S. Trustee's interpretation results in the effective loss

7

of an unknown number of days of the exemption period, due to the vagaries of when the first meeting of creditors will be scheduled.

The U.S. Trustee repeatedly quotes the title of the Interim Rule that the exclusion is "temporary," but ignores the title of the Act, which contains no such qualifier. Moreover, nothing in the Act suggests that the 540-day exclusion from means testing can expire during the case. This would contradict the purpose of the means test as a "screening mechanism to determine whether a Chapter 7 proceeding is appropriate." *Ransom v. FIA Card Servs., N.A.*, 131 S. Ct. 716, 722 n.1 (2011). The determination of whether a Chapter 7 case is abusive should be made as of the petition date, a key date for the determination of debtors' and creditors' rights. *In re Rivers*, 466 B.R. 558 (Bankr. M.D. Fla. 2012). To delay the filing requirement for the means test form up to 120 days (60 days for the meeting of creditors and an additional 60 days for a motion to dismiss) is illogical. The form is generally due with the petition or within 14 days thereafter, unless the bankruptcy court extends the deadline for cause shown. Fed. R. Bankr. P. 1007(c). This deadline comports with the nature of the means test as a threshold determination of eligibility. Nothing in the Act suggests that Congress intended the exemption to function in the manner suggested by the U.S. Trustee and the Interim Rule. Instead, clarity and the purpose of the Act are served by using the petition date as the date to determine whether the debtor's exemption from means testing has expired.

The Court's reading of the statute is that if the 540-day period had not expired on the petition date, then "with respect to the debtor" the means test does not apply. The U.S. Trustee's interpretation ignores the language "with respect to the debtor" in § 707(b)(2)(D) and instead assumes the exclusion and time period applies to the case. While the exclusion may have

8

expired during the case, as to the Debtors, on the date they filed their petition, they were covered by the exclusion, and no form of means testing can be applied.

This Court does not cavalierly disagree with the drafters of Interim Rule 1007-I and revised Form B22A. However, when rules and forms conflict with a statute, the statute takes precedence. *See* 28 U.S.C. § 2075; *In re Arnold*, 376 B.R. 652 (Bankr. M.D. Tenn. 2007). In this case, the Court concludes that because the 540-day period following Thomas Rowell's release from active duty had not expired when the Debtors filed their petition, the Debtors are not required to file a means test form, and the Debtors' case cannot be dismissed based on any form of means testing.

Dated: January 8, 2015

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge